# EXHIBIT N

## TOLLING AGREEMENT

This Tolling Agreement is made effective as of this _31st_ day of March, 2008 by and among BP Products North America Inc. and BP Corporation North America Inc. (referred to collectively as "BP"), and ExxonMobil Corporation, Inc. ("ExxonMobil').

## RECITALS

**WHEREAS**, BP's predecessor Amoco Oil Company ("Amoco') and ExxonMobil's predecessor Mobil Oil Corporation ("Mobil") entered into an Agreement dated May 6, 1993 (the "1993 Agreement"); and

**WHEREAS**, BP has been sued in a number of lawsuits brought by residents and/or property owners in Greenpoint concerning environmental conditions, including *Baumbach, et al. v. ExxonMobil Corporation, et al.*, Index No. 376441/05, New York Supreme Court, Kings County, *Spiroff, et al. v. ExxonMobil Corp.*, et al., Case No. CV-06-2876, Eastern District of New York, and twenty-one other lawsuits brought by the Napoli Bern Ripka firm pending in New York Supreme Court, Kings County, which are listed in Exhibit A hereto (the *Baumbach, Spiroff* and Napoli Bern civil actions shall be referred to collectively as the "Civil Lawsuits"); and

**WHEREAS**, there is a disagreement amongst the parties as to whether ExxonMobil is obligated to defend and indemnify BP in the Civil Lawsuits pursuant to the 1993 Agreement, and ExxonMobil has at the present time declined BP's request for defense and indemnity in the Civil Lawsuits; and

**WHEREAS**, the parties have agreed to preserve and toll any claims that BP has for defense and indemnity of the Civil Lawsuits (collectively the "Claims") by extending any limitations period that may otherwise apply, as it is in the mutual interest of the parties hereto to defer the assertion of such Claims at this time.

NY01/COOPJ/1274412.2

**NOW THEREFORE**, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties, each intending to be legally bound, agree as follows:

1.     Tolling.  BP and ExxonMobil hereby toll and suspend from the date of this Agreement through and including December 31, 2008 (the "Tolling Period") the running of any and all statutes of limitations, laches, or any other time-based limitations or defenses (whether arising under any state's law, equity, statute, court rule or otherwise) that are unexpired, not tolled, or which otherwise would be effective as of the date of this Agreement and that are applicable to any Claims (collectively the "Time Based Defenses") and agree that the Tolling Period will be excluded from any calculation of time for the purpose of the statute of limitation.

2.     Waiver.  BP and ExxonMobil further covenant and agree that neither will assert in any existing or subsequent legal proceeding or otherwise any Time Based Defenses to any potential Claims that are based on the failure of BP to assert Claims for a period of time that includes all or any part of the Tolling Period.

3.     Standstill.  BP and ExxonMobil may not institute against each other hereto any legal proceeding in any Court, arbitration, or other tribunal anywhere in the world in respect of any Claims prior to December 31, 2008.

4.     Termination.  Either party may terminate this Tolling Agreement prior to December 31, 2008, upon sixty (60) days written notice to the other party.  The statute of limitations will not begin to run until the end of that sixty (60) day  period.

5.     No Prejudice.  Except as set forth herein, nothing in this Agreement shall limit or restrict any rights, defenses or claims that any Party may otherwise have.  If any Claims were time barred as of the date of the Agreement, nothing herein shall be construed to revive any such Claims.

6. <u>No Waiver or Admission</u>.  The Agreement does not constitute an agreement or admission that BP has a valid claim against ExxonMobil, that ExxonMobil has a valid defense against any Claim or that any Time Based Defenses exist as of the date hereof.

7. <u>Complete Integration</u>.  This Agreement constitutes the full and final agreement between the Parties hereto with respect to the subject matter hereof.  This Agreement may not be modified or amended except by a written instrument, signed by each of the Parties, expressing such amendment or modification.  The Parties warrant, promise, and represent that in executing this Agreement, each Party is not relying upon any oral representation, promise or statement and that each Party is not relying upon any promise, statement or representation contained in any other written instrument.

8. <u>Consultation with Legal Counsel</u>.  The Parties at all times material hereto have had the opportunity to consult with legal counsel of their own choosing concerning the rights affected by this Agreement, the form and content of this Agreement and the advisability of executing it.

9. <u>Counterparts/Facsimile Transmission</u>.  This Agreement may be signed in counterparts, each of which, taken together, shall be deemed an original.  Execution of this Agreement is effective if signature is received by facsimile transmission.

10. <u>Successors and Assigns</u>.  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective partners, successors, assigns, heirs and personal representatives.

11. <u>Extensions</u>.  The periods set forth in paragraphs 1, 2 and 3 of this Agreement may be extended by a further writing signed by the Parties.

12. <u>Authority</u>.  Any person signing this Agreement (i) represents and warrants that he/she is authorized to sign this Agreement on behalf of the Party he/she represents and that

his/her signature upon this Agreement will bind the represented Party to the terms of this Agreement, and (ii) acknowledges that the other Party to this Agreement has relied upon such representation and warranty.

       13.    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

       14.    <u>Severability</u>.  If any term of this Agreement shall be declared invalid, illegal or unenforceable by any court of competent jurisdiction, each of the remaining terms shall be unaffected thereby and shall continue to be in full force and effect.

       15.    <u>Notice</u>.  Notice of termination pursuant to paragraph 4 above shall be made by overnight courier and e-mail to the following individuals:



If to BP, to

Brian Centeno, Esq.
BP America, Inc.
4101 Winfield Road
5 West
Warrenville, Illinois 60555
Brian.Centeno@bp.com

and

Jonathan K. Cooperman, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
jcooperman@kelleydrye.com

If to ExxonMobil, to

Joseph T. Walsh III, Esq.
Exxon Mobil Corporation
800 Bell Street, #1841I
Houston, Texas 77024
Joseph.t.walsh@exxonmobil.com

and

John J. Calandra, Esq.
McDermott, Will and Emery
340 Madison Avenue
New York, NY 10173-1922
jcalandra@mwe.com

BP PRODUCTS NORTH AMERICA INC. &
BP CORPORATION NORTH AMERICA INC.

By: _____
Name: _H. BRIAN CENTENO_____
Title: _SENIOR ATTORNEY_____


EXXONMOBIL CORPORATION


By: _____
Name: _____
Title: _____

# EXHIBIT A

## List of Napoli Actions Pending in New York Supreme Court, Kings County

| Napoli Action Name | Index Number |
|---|---|
| Abelians, et al. v. ExxonMobil Corp., et al. | 39748/07 |
| Bielen, et al. v. ExxonMobil Corp., et al. | 15681/06 |
| Candidus, et al. v. ExxonMobil Corp., et al. | 15679/06 |
| Chaber, et al. v. ExxonMobil Corp., et al. | 28885/06 |
| Foster, et al. v. ExxonMobil Corp., et al. | 15680/06 |
| Golonka, et al. v. ExxonMobil Corp., et al. | 28886/06 |
| Kasak, et al. v. ExxonMobil Corp., et al. | 12632/07 |
| Kropiewnicka, et al. v. ExxonMobil Corp., et al. | 15674/06 |
| Lopatka, et al. v. ExxonMobil Corp., et al. | 15682/06 |
| Maksymets, et al. v. ExxonMobil Corp., et al. | 36136/06 |
| Pezzella, et al. v. ExxonMobil Corp., et al. | 35985/06 |
| Prezezdziecka, et al. v. ExxonMobil Corp., et al. | 35984/06 |
| Reilly, et al. v. ExxonMobil Corp., et al. | 28884/06 |
| Sadek, et al. v. ExxonMobil Corp., et al. | 12634/07 |
| Siedlecki, et al. v. ExxonMobil Corp., et al. | 15676/06 |
| Skryzypczak, et al. v. ExxonMobil Corp., et al. | 15675/06 |
| Sobolewska, et al. v. ExxonMobil Corp., et al. | 15677/06 |
| Stefanowski, et al. v. ExxonMobil Corp., et al. | 15678/06 |
| Swidler, et al. v. ExxonMobil Corp., et al.. | 36137/06 |
| Torres, et al. v. ExxonMobil Corp., et al. | 12633/07 |
| Vasquez, et al. v. ExxonMobil Corp., et al. | 12635/07 |

## TOLLING AGREEMENT

This Tolling Agreement is made effective as of this ___ day of January, 2019 by and among BP Products North America Inc. and BP Corporation North America Inc. (referred to collectively as "BP"), and Exxon Mobil Corporation ("Exxon Mobil").

## RECITALS

**WHEREAS**, BP's predecessor Amoco Oil Company ("Amoco') and Exxon Mobil's predecessor Mobil Oil Corporation ("Mobil") entered into an Agreement dated May 6, 1993 (the "1993 Agreement"); and

**WHEREAS**, BP was sued in a number of lawsuits brought by residents and/or property owners in Greenpoint concerning environmental conditions, including *A.B. Jewel Associates, et al. v. Exxon Mobil Corporation, et al.*, Index No. 376441/05, New York Supreme Court, Kings County (formerly styled as *Patricia Baumbach v. Exxon Mobil Corporation, et al.*), *Spiroff, et al. v. Exxon Mobil Corp.*, et al., Case No. CV-06-2876, Eastern District of New York, and twenty-one other lawsuits brought by the Napoli Bern Ripka firm pending in New York Supreme Court, Kings County, which are listed in Exhibit A hereto (the *Baumbach, Spiroff* and Napoli Bern civil actions shall be referred to collectively as the "Civil Lawsuits"); and

**WHEREAS**, there is a disagreement amongst the parties as to whether Exxon Mobil is obligated to defend and indemnify BP in the Civil Lawsuits pursuant to the 1993 Agreement, and Exxon Mobil has at the present time declined BP's request for defense and indemnity in the Civil Lawsuits; and

**WHEREAS**, the parties have agreed to preserve and toll any claims that BP has for defense and indemnity of the Civil Lawsuits (collectively the "Claims") by extending any limitations period that may otherwise apply, as it is in the mutual interest of the parties hereto to defer the assertion of such Claims at this time; and

**WHEREAS**, the parties previously entered into a Tolling Agreement dated March 31, 2008 (the "March 31, 2008 Tolling Agreement") tolling the statute of limitations relating to Claims and, pursuant to paragraph 11 of the March 31, 2008 Tolling Agreement, entered into several extensions of the March 31, 2008 Tolling Agreement, and now agree to further extend the March 31, 2008 Tolling Agreement by entering into this new agreement to preserve and toll Claims until February 28, 2019.

**NOW THEREFORE**, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties, each intending to be legally bound, agree as follows:

1.　　Tolling.  BP and Exxon Mobil hereby agree to extend the March 31, 2008 Tolling Agreement and to toll and suspend from the date of this Agreement through and including February 28, 2019 (the "Tolling Period") the running of any and all statutes of limitations, laches, or any other time-based limitations or defenses (whether arising under any state's law, equity, statute, court rule or otherwise) that are unexpired, not tolled, or which otherwise would be effective as of the date of this Agreement and that are applicable to any Claims (collectively the "Time Based Defenses") and agree that the Tolling Period will be excluded from any calculation of time for the purpose of the statute of limitation and to toll and suspend the accrual of any prejudgment interest on any Claims during the Tolling Period and agree that the Tolling Period will be excluded from the calculation of prejudgment interest on any Claims.

2.　　Waiver.  BP and Exxon Mobil further covenant and agree that neither will assert in any existing or subsequent legal proceeding or otherwise any Time Based Defenses to any potential Claims that are based on the failure of BP to assert Claims for a period of time that includes all or any part of the Tolling Period.

2

4843-5546-6568v.30

3. Standstill. BP and Exxon Mobil may not institute against each other hereto any legal proceeding in any Court, arbitration, or other tribunal anywhere in the world in respect of any Claims prior to February 28, 2019.

4. Termination. Either party may terminate this Tolling Agreement prior to February 28, 2019, upon thirty (30) days written notice to the other party. The statute of limitations will not begin to run until the end of that thirty (30) day period.

5. No Prejudice. Except as set forth herein, nothing in this Agreement shall limit or restrict any rights, defenses or claims that any Party may otherwise have. If any Claims were time barred as of the date of the March 31, 2008 Tolling Agreement, nothing herein shall be construed to revive any such Claims.

6. No Waiver or Admission. The Agreement does not constitute an agreement or admission that BP has a valid claim against Exxon Mobil, that Exxon Mobil has a valid defense against any Claims or that any Time Based Defenses exist as of the date hereof.

7. Complete Integration. This Agreement constitutes the full and final agreement between the Parties hereto with respect to the subject matter hereof. This Agreement may not be modified or amended except by a written instrument, signed by each of the Parties, expressing such amendment or modification. The Parties warrant, promise, and represent that in executing this Agreement, each Party is not relying upon any oral representation, promise or statement and that each Party is not relying upon any promise, statement or representation contained in any other written instrument.

8. Consultation with Legal Counsel. The Parties at all times material hereto have had the opportunity to consult with legal counsel of their own choosing concerning the rights affected by this Agreement, the form and content of this Agreement and the advisability of executing it.

4843-5546-6568v.30

3

9.     Counterparts/Facsimile Transmission. This Agreement may be signed in counterparts, each of which, taken together, shall be deemed an original. Execution of this Agreement is effective if signature is received by facsimile transmission.

10.     Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective partners, successors, assigns, heirs and personal representatives.

11.     Extensions. The periods set forth in paragraphs 1, 2 and 3 of this Agreement may be extended by a further writing signed by the Parties.

12.     Authority. Any person signing this Agreement (i) represents and warrants that he/she is authorized to sign this Agreement on behalf of the Party he/she represents and that his/her signature upon this Agreement will bind the represented Party to the terms of this Agreement, and (ii) acknowledges that the other Party to this Agreement has relied upon such representation and warranty.

13.     Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

14.     Severability. If any term of this Agreement shall be declared invalid, illegal or unenforceable by any court of competent jurisdiction, each of the remaining terms shall be unaffected thereby and shall continue to be in full force and effect.

Notice. Notice of termination pursuant to paragraph 4 above shall be made by overnight courier and e-mail to the following individuals

4

If to BP, to

Vilia Drazdys, Esq.
Senior Attorney
BP America, Inc.
150 W. Warrenville Road
Building 200-1W
Naperville, Illinois 60563
Vilia.Drazdys@bp.com

and

Jonathan K. Cooperman, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
jcooperman@kelleydrye.com

If to Exxon Mobil, to

Andrew M. Gilchrist, Esq.
Counsel – Corporate Litigation
Exxon Mobil Corporation
800 Bell Street, #1540-C
Houston, Texas 77002
Andrew.m.gilchrist@Exxon Mobil.com

and

Michael D. Hall, Esq.
Buchanan Ingersoll & Rooney, P.C.
1290 Avenue of the Americas
30th Floor
New York, New York 10104
michael.hall@bipc.com

BP PRODUCTS NORTH AMERICA INC. &
BP CORPORATION NORTH AMERICA INC.

By:_____

Name:_____Vilia Drazdys_____

Title:_____Senior Counsel_____

EXXON MOBIL CORPORATION

By: _____

Name: _____Andrew M. Gilbert_____

Title: _____Senior Counsel_____

4843-5546-6568v.30

# EXHIBIT A

## List of Napoli Actions that were Filed in New York Supreme Court, Kings County

| Napoli Action Name | Index Number |
|---|---|
| Abelians, et al. v. Exxon Mobil Corp., et al. | 39748/07 |
| Bielen, et al. v. Exxon Mobil Corp., et al. | 15681/06 |
| Candidus, et al. v. Exxon Mobil Corp., et al. | 15679/06 |
| Chaber, et al. v. Exxon Mobil Corp., et al. | 28885/06 |
| Foster, et al. v. Exxon Mobil Corp., et al. | 15680/06 |
| Golonka, et al. v. Exxon Mobil Corp., et al. | 28886/06 |
| Kasak, et al. v. Exxon Mobil Corp., et al. | 12632/07 |
| Kropiewnicka, et al. v. Exxon Mobil Corp., et al. | 15674/06 |
| Lopatka, et al. v. Exxon Mobil Corp., et al. | 15682/06 |
| Maksymets, et al. v. Exxon Mobil Corp., et al. | 36136/06 |
| Pezzella, et al. v. Exxon Mobil Corp., et al. | 35985/06 |
| Prezezdziecka, et al. v. Exxon Mobil Corp., et al. | 35984/06 |
| Reilly, et al. v. Exxon Mobil Corp., et al. | 28884/06 |
| Sadek, et al. v. Exxon Mobil Corp., et al. | 12634/07 |
| Siedlecki, et al. v. Exxon Mobil Corp., et al. | 15676/06 |
| Skryzypczak, et al. v. Exxon Mobil Corp., et al. | 15675/06 |
| Sobolewska, et al. v. Exxon Mobil Corp., et al. | 15677/06 |
| Stefanowski, et al. v. Exxon Mobil Corp., et al. | 15678/06 |
| Swidler, et al. v. Exxon Mobil Corp., et al.. | 36137/06 |
| Torres, et al. v. Exxon Mobil Corp., et al. | 12633/07 |
| Vasquez, et al. v. Exxon Mobil Corp., et al. | 12635/07 |

4843-5546-6568v.30

## TOLLING AGREEMENT

This Tolling Agreement is made effective as of this _____ day of January, 2019 by and among BP Products North America Inc. and BP Corporation North America Inc. (referred to collectively as "BP"), and Exxon Mobil Corporation ("Exxon Mobil').

## RECITALS

**WHEREAS**, BP's predecessor Amoco Oil Company ("Amoco') and Exxon Mobil's predecessor Mobil Oil Corporation ("Mobil") entered into an Agreement dated May 6, 1993 (the "1993 Agreement") which in part apportioned responsibility for environmental remedial activities in the area of Greenpoint, New York; and

**WHEREAS,** BP and Exxon Mobil have entered into a separate Tolling Agreement relating to claims for indemnity under the 1993 Agreement arising out of a number of civil lawsuits brought against BP and Exxon Mobil (the "Indemnity Tolling Agreement"); and

**WHEREAS**, BP and Exxon Mobil entered into another agreement dated February 13, 2004 (the "2004 Agreement") resolving a lawsuit between them involving compliance with the 1993 Agreement; and

**WHEREAS,** BP and Exxon Mobil each have issues relating to compliance with the 2004 Agreement; and

**WHEREAS**, the parties have agreed to preserve and toll any applicable statute of limitations that may run relating to claims not covered by the Indemnity Tolling Agreement that they may have against each other relating to petroleum contamination in Greenpoint, Brooklyn, including claims under the 2004 Agreement (collectively the "Claims") by extending any limitations period that may otherwise apply and expire, as it is in the mutual interest of the parties hereto to defer the requirements of such Claims at this time; and

**WHEREAS**, the parties previously entered into a Tolling Agreement dated January 16, 2009 (the "January 16, 2009 Tolling Agreement") tolling the statute of limitations relating to claims and, pursuant to paragraph 11 of the January 16, 2009 Tolling Agreement, entered into several extensions of the January 16, 2009 Tolling Agreement, and now agree to further extend the January 16, 2009 Tolling Agreement by entering into this new agreement to preserve and toll Claims until February 28, 2019.

**NOW THEREFORE**, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties, each intending to be legally bound, agree as follows:

1.      Tolling.  BP and Exxon Mobil hereby agree to extend the January 16, 2009 Tolling Agreement and to toll and suspend from the date of this Agreement through and including February 28, 2019 (the "Tolling Period") the running of any and all statutes of limitations, laches, or any other time-based limitations or defenses (whether arising under any state's law, equity, statute, court rule or otherwise) that are unexpired, not tolled, or which otherwise would be effective as of the date of this Agreement and that are applicable to any Claims (collectively the "Time Based Defenses") and agree that the Tolling Period will be excluded from any calculation of time for the purpose of the statute of limitation and to toll and suspend the accrual of any prejudgment interest on any Claims during the Tolling Period and agree that the Tolling Period will be excluded from the calculation of prejudgment interest on any Claims.

2.      Waiver.  BP and Exxon Mobil further covenant and agree that neither will assert in any existing or subsequent legal proceeding, arbitration or otherwise any Time Based Defenses to any potential Claims that are based on the failure of BP and/or Exxon Mobil to assert Claims for a period of time that includes all or any part of the Tolling Period.

4849-6069-1272v.31

2

3.    Standstill. BP and Exxon Mobil may not institute against each other hereto any legal proceeding in any Court, arbitration, or other tribunal anywhere in the world in respect of any Claims prior to February 28, 2019.

4.    Termination. Either party may terminate this Tolling Agreement prior to February 28, 2019, upon thirty (30) days written notice to the other party. Any statute of limitations that may be subject to this Agreement will not begin to run until the end of that thirty (30) day period.

5.    No Prejudice. Except as set forth herein, nothing in this Agreement shall limit or restrict any rights, defenses or claims that any Party may otherwise have. If any Claims were time barred as of the date of the January 16, 2009 Tolling Agreement, nothing herein shall be construed to revive any such Claims.

6.    No Waiver or Admission. The Agreement does not constitute an agreement or admission that either BP or Exxon Mobil have valid claims against each other, that BP or Exxon Mobil have a valid defense against any Claims or that any Time Based Defenses exist as of the date hereof.

7.    Complete Integration. This Agreement constitutes the full and final agreement between the Parties hereto with respect to the subject matter hereof. This Agreement may not be modified or amended except by a written instrument, signed by each of the Parties, expressing such amendment or modification. The Parties warrant, promise, and represent that in executing this Agreement, each Party is not relying upon any oral representation, promise or statement and that each Party is not relying upon any promise, statement or representation contained in any other written instrument.

8.    Consultation with Legal Counsel. The Parties at all times material hereto have had the opportunity to consult with legal counsel of their own choosing concerning the rights affected by this Agreement, the form and content of this Agreement and the advisability of executing it.

3

9.    Counterparts/Facsimile Transmission. This Agreement may be signed in
counterparts, each of which, taken together, shall be deemed an original. Execution of this
Agreement is effective if signature is received by facsimile transmission.

10.    Successors and Assigns. This Agreement shall be binding upon and inure to
the benefit of the Parties hereto and their respective partners, successors, assigns, heirs and personal
representatives.

11.    Extensions. The periods set forth in paragraphs 1, 2 and 3 of this Agreement
may be extended by a further writing signed by the Parties.

12.    Authority. Any person signing this Agreement (i) represents and warrants that
he/she is authorized to sign this Agreement on behalf of the Party he/she represents and that his/her
signature upon this Agreement will bind the represented Party to the terms of this Agreement, and (ii)
acknowledges that the other Party to this Agreement has relied upon such representation and
warranty.

13.    Governing Law. This Agreement shall be governed by and construed in
accordance with the laws of the State of New York.

14.    Severability. If any term of this Agreement shall be declared invalid, illegal or
unenforceable by any court of competent jurisdiction, each of the remaining terms shall be unaffected
thereby and shall continue to be in full force and effect.

15.    Notice. Notice of termination pursuant to paragraph 4 above shall be made by
overnight courier and e-mail to the following individuals:

4

If to BP, to

Vilia Drazdys, Esq.
Senior Attorney
BP America, Inc.
150 W. Warrenville Road
Building 200-1W
Naperville, Illinois 60563
Vilia.Drazdys@bp.com

and

Jonathan K. Cooperman, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
jcooperman@kelleydrye.com

If to Exxon Mobil, to

Andrew M. Gilchrist, Esq.
Counsel – Corporate Litigation
Exxon Mobil Corporation
800 Bell Street, #1540-C
Houston, Texas 77002
Andrew.m.gilchrist@Exxon Mobil.com

and

Michael D. Hall, Esq.
Buchanan Ingersoll & Rooney PC
1290 Avenue of the Americas
30th Floor
New York, New York 10104
michael.hall@bipc.com

BP PRODUCTS NORTH AMERICA INC. & BP
CORPORATION NORTH AMERICA INC.

By:_____
Name:____Vilia Drazdys_____
Title:_____Senior Counsel_____

EXXON MOBIL CORPORATION

By: _____

Name: ___Andrew M. Gilchrist___

Title: ___Senior Counsel___

## TOLLING AGREEMENT

This Tolling Agreement is made effective as of this 28th day of February, 2019 by and among BP Products North America Inc. and BP Corporation North America Inc. (referred to collectively as "BP"), and Exxon Mobil Corporation ("Exxon Mobil").

## RECITALS

**WHEREAS**, BP's predecessor Amoco Oil Company ("Amoco') and Exxon Mobil's predecessor Mobil Oil Corporation ("Mobil") entered into an Agreement dated May 6, 1993 (the "1993 Agreement"); and

**WHEREAS**, BP was sued in a number of lawsuits brought by residents and/or property owners in Greenpoint concerning environmental conditions, including *A.B. Jewel Associates, et al. v. Exxon Mobil Corporation, et al.*, Index No. 376441/05, New York Supreme Court, Kings County (formerly styled as *Patricia Baumbach v. Exxon Mobil Corporation, et al.*), *Spiroff, et al. v. Exxon Mobil Corp.*, et al., Case No. CV-06-2876, Eastern District of New York, and twenty-one other lawsuits brought by the Napoli Bern Ripka firm pending in New York Supreme Court, Kings County, which are listed in Exhibit A hereto (the *Baumbach, Spiroff* and Napoli Bern civil actions shall be referred to collectively as the "Civil Lawsuits"); and

**WHEREAS**, there is a disagreement amongst the parties as to whether Exxon Mobil is obligated to defend and indemnify BP in the Civil Lawsuits pursuant to the 1993 Agreement, and Exxon Mobil has at the present time declined BP's request for defense and indemnity in the Civil Lawsuits; and

**WHEREAS**, the parties have agreed to preserve and toll any claims that BP has for defense and indemnity of the Civil Lawsuits (collectively the "Claims") by extending any limitations period that may otherwise apply, as it is in the mutual interest of the parties hereto to defer the assertion of such Claims at this time; and

**WHEREAS**, the parties previously entered into a Tolling Agreement dated March 31, 2008 (the "March 31, 2008 Tolling Agreement") tolling the statute of limitations relating to Claims and, pursuant to paragraph 11 of the March 31, 2008 Tolling Agreement, entered into several extensions of the March 31, 2008 Tolling Agreement, and now agree to further extend the March 31, 2008 Tolling Agreement by entering into this new agreement to preserve and toll Claims until May 31, 2019.

**NOW THEREFORE**, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties, each intending to be legally bound, agree as follows:

1.  Tolling.  BP and Exxon Mobil hereby agree to extend the March 31, 2008 Tolling Agreement and to toll and suspend from the date of this Agreement through and including May 31, 2019 (the "Tolling Period") the running of any and all statutes of limitations, laches, or any other time-based limitations or defenses (whether arising under any state's law, equity, statute, court rule or otherwise) that are unexpired, not tolled, or which otherwise would be effective as of the date of this Agreement and that are applicable to any Claims (collectively the "Time Based Defenses") and agree that the Tolling Period will be excluded from any calculation of time for the purpose of the statute of limitation and to toll and suspend the accrual of any prejudgment interest on any Claims during the Tolling Period and agree that the Tolling Period will be excluded from the calculation of prejudgment interest on any Claims.

2.  Waiver.  BP and Exxon Mobil further covenant and agree that neither will assert in any existing or subsequent legal proceeding or otherwise any Time Based Defenses to any potential Claims that are based on the failure of BP to assert Claims for a period of time that includes all or any part of the Tolling Period.

3.  Standstill.  BP and Exxon Mobil may not institute against each other

2

hereto any legal proceeding in any Court, arbitration, or other tribunal anywhere in the world in respect of any Claims prior to May 31, 2019.

4.     Termination. Either party may terminate this Tolling Agreement prior to May 31, 2019, upon seven (7) days written notice to the other party. The statute of limitations will not begin to run until the end of that seven (7) day period.

5.     No Prejudice. Except as set forth herein, nothing in this Agreement shall limit or restrict any rights, defenses or claims that any Party may otherwise have. If any Claims were time barred as of the date of the March 31, 2008 Tolling Agreement, nothing herein shall be construed to revive any such Claims.

6.     No Waiver or Admission. The Agreement does not constitute an agreement or admission that BP has a valid claim against Exxon Mobil, that Exxon Mobil has a valid defense against any Claims or that any Time Based Defenses exist as of the date hereof.

7.     Complete Integration. This Agreement constitutes the full and final agreement between the Parties hereto with respect to the subject matter hereof. This Agreement may not be modified or amended except by a written instrument, signed by each of the Parties, expressing such amendment or modification. The Parties warrant, promise, and represent that in executing this Agreement, each Party is not relying upon any oral representation, promise or statement and that each Party is not relying upon any promise, statement or representation contained in any other written instrument.

8.     Consultation with Legal Counsel. The Parties at all times material hereto have had the opportunity to consult with legal counsel of their own choosing concerning the rights affected by this Agreement, the form and content of this Agreement and the advisability of executing it.

9.     Counterparts/Facsimile Transmission. This Agreement may be signed in

counterparts, each of which, taken together, shall be deemed an original. Execution of this Agreement is effective if signature is received by facsimile transmission.

      10.    Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective partners, successors, assigns, heirs and personal representatives.

      11.    Extensions. The periods set forth in paragraphs 1, 2 and 3 of this Agreement may be extended by a further writing signed by the Parties.

      12.    Authority. Any person signing this Agreement (i) represents and warrants that he/she is authorized to sign this Agreement on behalf of the Party he/she represents and that his/her signature upon this Agreement will bind the represented Party to the terms of this Agreement, and (ii) acknowledges that the other Party to this Agreement has relied upon such representation and warranty.

      13.    Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

      14.    Severability. If any term of this Agreement shall be declared invalid, illegal or unenforceable by any court of competent jurisdiction, each of the remaining terms shall be unaffected thereby and shall continue to be in full force and effect.

      Notice. Notice of termination pursuant to paragraph 4 above shall be made by overnight courier and e-mail to the following individuals

4

If to BP, to

Vilia Drazdys, Esq.
Senior Attorney
BP America, Inc.
150 W. Warrenville Road
Building 200-1W
Naperville, Illinois 60563
Vilia.Drazdys@bp.com

and

Jonathan K. Cooperman, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
jcooperman@kelleydrye.com

If to Exxon Mobil, to

Andrew M. Gilchrist, Esq.
Counsel – Corporate Litigation
Exxon Mobil Corporation
800 Bell Street, #1540-C
Houston, Texas 77002
Andrew.m.gilchrist@Exxon Mobil.com

and

Michael D. Hall, Esq.
Buchanan Ingersoll & Rooney, P.C.
1290 Avenue of the Americas
30th Floor
New York, New York 10104
michael.hall@bipc.com

BP PRODUCTS NORTH AMERICA INC. &
BP CORPORATION NORTH AMERICA INC.

By: _____

Name: Vilia Drazdys

Title: Senior Counsel

EXXON MOBIL CORPORATION

By: _____

Name: _Andrew M. Gildries_

Title: _Counsel_

# EXHIBIT A

## List of Napoli Actions that were Filed in New York Supreme Court, Kings County

| Napoli Action Name | Index Number |
| --- | --- |
| Abelians, et al. v. Exxon Mobil Corp., et al. | 39748/07 |
| Bielen, et al. v. Exxon Mobil Corp., et al. | 15681/06 |
| Candidus, et al. v. Exxon Mobil Corp., et al. | 15679/06 |
| Chaber, et al. v. Exxon Mobil Corp., et al. | 28885/06 |
| Foster, et al. v. Exxon Mobil Corp., et al. | 15680/06 |
| Golonka, et al. v. Exxon Mobil Corp., et al. | 28886/06 |
| Kasak, et al. v. Exxon Mobil Corp., et al. | 12632/07 |
| Kropiewnicka, et al. v. Exxon Mobil Corp., et al. | 15674/06 |
| Lopatka, et al. v. Exxon Mobil Corp., et al. | 15682/06 |
| Maksymets, et al. v. Exxon Mobil Corp., et al. | 36136/06 |
| Pezzella, et al. v. Exxon Mobil Corp., et al. | 35985/06 |
| Prezezdziecka, et al. v. Exxon Mobil Corp., et al. | 35984/06 |
| Reilly, et al. v. Exxon Mobil Corp., et al. | 28884/06 |
| Sadek, et al. v. Exxon Mobil Corp., et al. | 12634/07 |
| Siedlecki, et al. v. Exxon Mobil Corp., et al. | 15676/06 |
| Skryzypczak, et al. v. Exxon Mobil Corp., et al. | 15675/06 |
| Sobolewska, et al. v. Exxon Mobil Corp., et al. | 15677/06 |
| Stefanowski, et al. v. Exxon Mobil Corp., et al. | 15678/06 |
| Swidler, et al. v. Exxon Mobil Corp., et al.. | 36137/06 |
| Torres, et al. v. Exxon Mobil Corp., et al. | 12633/07 |
| Vasquez, et al. v. Exxon Mobil Corp., et al. | 12635/07 |